09-2007-cv
Testagrose v. NYC Housing Authority

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of March, two thousand ten.

Present:       JOSEPH M. McLAUGHLIN,
                              *Circuit Judge*,
                    KIMBA M. WOOD,*
                              *District Judge*.**

_____

HELEN TESTAGROSE,

                                                            *Plaintiff-Appellant*,

                    -v-                                                    (09-2007-cv)

NEW YORK CITY HOUSING AUTHORITY,

                                                            *Defendant-Appellee.*

_____

Appearing for Appellant:        Ambrose Wotorson, Law Office of Ambrose Wotorson, Brooklyn, N.Y.

---

* The Honorable Kimba M. Wood, United States District Court for the Southern District of New York, sitting by designation.

** The Honorable Rosemary S. Pooler, originally a member of the panel, did not participate in consideration of this appeal.  The two remaining members of the panel, who are in agreement, have determined the matter.  *See* 28 U.S.C. § 46(d); 2d Cir. Internal Operating Procedure E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

Appearing for Appellee:     Donna Murphy (Sonya Kaloyanides, *on the brief*), New York City Housing Authority, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, *Judge*.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant appeals a March 31, 2009, memorandum and order of the district court granting defendant's motion for summary judgment and dismissing plaintiff's claims in their entirety. Plaintiff alleges that she was terminated from her position as a caretaker for the New York City Housing Authority ("NYCHA") in violation of the Equal Protection Clause and 42 U.S.C. § 1983. Specifically, she alleges that she was disciplined more harshly than other similarly situated male caretakers. This claim is evaluated under the same rubric as gender discrimination claims brought under Title VII. *See Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 123 (2d Cir. 2004). We assume the parties' familiarity with the underlying facts and procedural history.

The district court concluded that Testagrose had failed to present any evidence suggesting that her termination was the result of discriminatory animus and thus that she had not established a prima facie case of gender discrimination. We agree. To show discriminatory animus, Testagrose primarily relied on evidence that other similarly situated male employees were treated more favorably. However, these comparators were not similarly situated. The NYCHA terminated Testagrose after she was arrested for weapons possession, drug possession, and criminal mischief. The individuals Testagrose identifies as comparators either were not arrested or were arrested for less serious offenses. Additionally, in the two cases involving arrests, one comparator resigned before the disciplinary hearing, and the other pled guilty and accepted a

suspension. In contrast, Testagrose did not offer to plead guilty or resign. Thus, none of the comparators was similarly situated to Testagrose "in all material respects." *See Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997). Moreover, all of the comparators were, like Testagrose, brought up on disciplinary charges. In other words, they were treated exactly the same as Testagrose. Therefore, having produced no evidence of discrimination, Testagrose failed to establish a prima facie claim of gender discrimination. *See Back*, 365 F.3d at 123.

Finally, the decision to terminate Testagrose was based on the recommendation of a Trial Officer, a neutral decision maker whom Testagrose does not accuse of discrimination. We have held that "[w]here an employee's ultimate termination depends upon, and is allowed by, a decision of an independent and unbiased arbitrator based on substantial evidence after a fair hearing, the arbitration decision has probative weight regarding the requisite causal link between an employee's termination and the employer's illegal motive." *Collins v. N.Y.C. Transit Authority*, 305 F.3d 113, 115 (2d Cir. 2002). There is no evidence to suggest that the Trial Officer in this case was biased or that Testagrose did not receive a fair hearing.

We have considered Testagrose's other arguments and find them without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3